IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLUB ORION LLC, et al., <br><br> Defendants. | 1:18-cv-522 |

**JUDGMENT**

Upon consideration of Plaintiff's Motion for Final Default Judgment, the accompanying Memorandum of Points and Authorities in Support thereof and evidence, the pleadings on file and the relevant authorities, the court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, and Copyright Act, 17 U.S.C. § 101, and recognizes Plaintiff's election to seek statutory damages solely under 47 U.S.C. § 605. The court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants Stephen N. Jones and Club Orion LLC d/b/a Club Orion (hereinafter "Defendants") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure, following proper service; that the allegations in Plaintiff's Original Complaint are deemed admitted against

Defendants; and that Defendants exhibited the closed circuit, *Floyd Mayweather, Jr. vs. Conor McGregor* Broadcast, including all undercard bouts and the entire television broadcast, scheduled for August 26, 2017, without authorization from Plaintiff.

For purposes of determining statutory and, if warranted, enhanced damages, the court considers the facts in light of the deterrent purposes of the statute, the egregiousness of Defendants' acts, and the quantum of injury suffered by Plaintiff. The court finds the facts as set forth in Plaintiff's evidentiary materials.

Plaintiff represents that the contract rate, given the occupancy available for the exhibition, is $5,200.00. (Doc. 13 at 6.) Defendants, by their actions, sought to avoid the contract rate. Plaintiff is also entitled to be compensated for the profits Defendants made from the unauthorized use. The court finds that the damages requested by Plaintiff are not greater than necessary to accomplish the goals of the statute and would not be unjust under the circumstances of this case. Cf. Garden City Boxing Club, Inc. v. W Z Inc., No. 1:05-CV-1122 (M.D.N.C. Jan. 8, 2007), Doc. 17 at 1-2.

The court further finds that Defendant's actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

2

The court in J & J Sports Productions, Inc. v. El Tropicabana, LLC, No. 3:12CV800, 2013 WL 3270563, at *3-4 (E.D. Va. June 26, 2013), reviewed the diverse approaches taken by courts in considering statutory damages and enhancements. While Plaintiff requests enhanced damages of three times the damages awarded for the section 605 violation, under the circumstances of this case the court determines that statutory damages of a flat fee, taking into account the ordinary license fee and profits Plaintiff enjoyed as a result of the unauthorized conduct, is warranted, as well as an enhancement of two times the statutory damages. The attorneys' fee requested, uniform with that sought by Plaintiff in similar cases, is reasonable under the circumstances.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. That Judgment by default be entered in favor of Plaintiff and against Defendant Stephen N. Jones and Club Orion LLC d/b/a Club Orion.

2. That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $6,000.00.

3. That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $12,000.00.

4. That Plaintiff recover attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) from Defendants in the amount of

$1,500.00 and costs in the amount of $462.74 relating to the prosecution of this matter.

    5.   That Plaintiff be awarded court costs and post-judgment interest on the amounts awarded herein at the statutory rate from the date of this Judgment until paid.

    6.   This is a final Judgment.

<u>  /s/   Thomas D. Schroeder</u><br>
United States District Judge

July 9, 2019